1

2

3

4

5

6

7

8            **UNITED STATES DISTRICT COURT**

9            **CENTRAL DISTRICT OF CALIFORNIA**

10

11 Wah Hung International        )    CV 11-4178 RSWL (PLAx)
   Machinery, Inc. d/b/a         )
12 Velocity Wheel; Tyfun         )
   International, Inc.; John      )    **STATEMENT OF**
13 Zhao,                         )    **UNCONTROVERTED**
                                 )    **FACTS AND CONCLUSIONS**
14            Plaintiffs,        )    **OF LAW** Re: Defendant
                                 )    Valley Custom Tire,
15     vs.                       )    Inc.'s Motion for
                                 )    Summary Judgment [69]
16                               )
                                 )
17 Valley Custom Tire, Inc.      )
   d/b/a VCT Wheels et al.,      )
18                               )
             Defendants.         )
19 ─────────────────────────────

20      After consideration of Defendant Valley Custom

21 Tire, Inc. d/b/a VCT Wheels' ("VCT") Motion for Summary

22 Judgment [69], this Court makes the following findings

23 of fact and conclusions of law:

24                  **UNCONTROVERTED FACTS**

25      1.  Plaintiff John Zhao is the inventor of the

26 following design patents (collectively, "Patents-in-

27 Suit"):

28            a.  U.S. Design Patent No. D617,720 S, titled

                                1

1   "Front Face of a Vehicle Wheel" ("the '720

2         Patent");

3     b.   U.S. Design Patent No. D620,425 S, titled

4         "Front Face of a Vehicle Wheel" ("the '425

5         Patent");

6     c.   U.S. Design Patent No. D620,867 S, titled

7         "Front Face of a Vehicle Wheel" ("the '867

8         Patent");

9     d.   U.S. Design Patent No. D639,220 S, titled

10        "Front Face of a Vehicle Wheel" ("the '220

11        Patent").

12  Def. VCT's Stmt. of Uncontroverted Facts ("SUF") ¶¶ 1-

13  4; First Amended Compl. ("FAC") ¶¶ 11, 13, 15, 17.

14    2.   Plaintiffs Wah Hung International Machinery,

15  Inc. d/b/a Velocity Wheel ("Wah Hung"); Tyfun

16  International, Inc. ("Tyfun"); and John Zhao ("Zhao")

17  (collectively, "Plaintiffs") have identified that the

18  following wheel models infringe on the Patents-in-Suit:

19  Gitano G68, Gitano G78, Gitano G88, and Gitano G98

20  (collectively, the "accused products").   SUF ¶ 6; FAC

21  ¶¶ 20-24.

22    3.   VCT has not made or manufactured any of the

23  accused products.  SUF ¶¶ 7; 12; 13.

24    4.   VCT has not used the accused products.  Id. ¶

25  8.

26    5.   VCT has not offered the accused products for

27  sale.  Id. ¶¶ 9; 12; 13.

28    6.   VCT has not sold the accused products.  Id. ¶¶

1  10; 12; 13.

2      7.  VCT has not imported the accused products.  <u>Id.</u>

3  ¶ 11.

4                    **<u>CONCLUSIONS OF LAW</u>**

5      1.  To be liable for patent infringement under 35

6  U.S.C. § 271(a), VCT must make, use, offer to sell,

7  sell, or import a patented invention without authority.

8      2.   Plaintiffs have not shown that VCT has made,

9  used, offered to sell, sold, or imported the accused

10 products.

11     3.   Thus, VCT is not liable for patent infringement

12 under 35 U.S.C. § 271(a).

13     4.  To be liable for patent infringement under 35

14 U.S.C. § 271(b), VCT must actively induce infringement.

15     5.   Plaintiffs have not demonstrated that VCT has

16 actively induced infringement.

17     6.   Under 35 U.S.C. § 285, the court in exceptional

18 cases may award reasonable attorneys' fees to the

19 prevailing party.

20     7.   A case may be deemed exceptional for the

21 purposes of 35 U.S.C. § 285 when there has been some

22 material inappropriate conduct related to the matter in

23 litigation, such as willful infringement, fraud or

24 inequitable conduct in procuring the patent, misconduct

25 during litigation, vexatious or unjustified litigation,

26 conduct that violates Fed. R. Civ. P. 11, or like

27 infractions.  <u>See</u>, <u>e.g.</u>, <u>Cambridge Prods. Ltd. v. Penn

28 Nutrients Inc.</u>, 962 F.2d 1048, 1050-51 (Fed. Cir.

1   1992); <u>Beckman Instruments, Inc., v. LKB Produkter AB</u>,

2   892 F.2d 1547, 1551 (Fed. Cir. 1989).

3       8.    Absent misconduct in conduct of the

4   litigation or in securing the patent, however,

5   sanctions may be imposed against the patentee only if

6   both: (1) the litigation is brought in subjective bad

7   faith; and (2) the litigation is objectively baseless.

8   <u>Professional Real Estate Investors v. Columbia Pictures</u>

9   <u>Industries</u>, 508 U.S. 49, 60-61, 123 L. Ed. 2d 611, 113

10  S. Ct. 1920 (1993); <u>see</u> <u>also</u> <u>Old Reliable Wholesale,</u>

11  <u>Inc. v. Cornell Corp.</u>, 635 F.3d 539, 543-44 (Fed. Cir.

12  2011).

13      9.    The prevailing party must demonstrate that a

14  case is exceptional by clear and convincing evidence.

15  <u>Forest Labs., Inc. v. Abbott Labs.</u>, 339 F.3d 1324,

16  1327-28 (Fed. Cir. 2003).

17      10.   VCT fails to establish by clear and convincing

18  evidence that this case is exceptional.  Therefore, it

19  is not entitled to attorneys' fees.

20

21  **IT IS SO ORDERED.**

22  DATED: January 17, 2013.

23                                  RONALD S.W. LEW

24  _____

25                          **HONORABLE RONALD S.W. LEW**

26                          Senior, U.S. District Court Judge

27

28

4