**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Wah Hung International Machinery, Inc. d/b/a Velocity Wheel; Tyfun International, Inc.; John Zhao,<br><br>　　　　Plaintiffs,<br><br>　vs.<br><br>Valley Custom Tire, Inc. d/b/a VCT Wheels et al.,<br><br>　　　　Defendants. | CV 11-4178 RSWL (PLAx)<br><br>**STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW** Re: Defendant-Counterclaimant Wholesale Wheel & Tire, LLC's Motion for Summary Judgment [73] |

After consideration of Defendant-Counterclaimant Wholesale Wheel & Tire, LLC's ("Wholesale Wheel") Motion for Summary Judgment [73], this Court makes the following findings of fact and conclusions of law:

**UNCONTROVERTED FACTS**

1. Plaintiff John Zhao is the inventor of the following design patents (collectively, "Patents-in-Suit"):

　　a. U.S. Design Patent No. D617,720 S, titled

1

1  "Front Face of a Vehicle Wheel" ("the '720
2  Patent");
3      b.   U.S. Design Patent No. D620,425 S, titled
4  "Front Face of a Vehicle Wheel" ("the '425
5  Patent");
6      c.   U.S. Design Patent No. D620,867 S, titled
7  "Front Face of a Vehicle Wheel" ("the '867
8  Patent");
9      d.   U.S. Design Patent No. D639,220 S, titled
10 "Front Face of a Vehicle Wheel" ("the '220
11 Patent").
12 First Amended Compl. ("FAC") ¶¶ 11, 13, 15, 17.
13    2.  Each of the Patents-in-Suit contain one claim:
14 "The ornamental design for a front fact of a vehicle
15 wheel, as shown and described."  Each design patent
16 contains two drawing figures, Figure 1 and Figure 2,
17 showing the design.  The Description states:
18      Fig. 1 is a perspective view of a front face of
19        a vehicle wheel embodying my new design;
20        and,
21      Fig. 2 is a front view thereof.
22      The broken lines are for illustrative purposes
23        only and form no part of the claimed design.
24    3.  The Patents-in-Suit are designs for metal rims
25 for vehicle wheels, which are manufactured in China and
26 imported to the United States for sale.  Def. Wholesale
27 Wheel's Stmt. of Undisputed Facts ("SUF") ¶ 7.
28    4.  The '720 Patent was filed on December 17, 2009.

SUF ¶ 9.

5. The '425 Patent was filed on January 15, 2010. Id. ¶ 13.

6. The '220 Patent was filed on December 11, 2009. Id. ¶ 17.

7. The '867 Patent was filed on January 15, 2010. Id. ¶ 23.

8. Plaintiff Wah Hung International Machinery, Inc. d/b/a Velocity Wheel is the exclusive licensee of the '720 Patent and the '220 Patent. FAC ¶¶ 12, 18; SUF ¶ 6. Plaintiff Tyfun International, Inc. is the exclusive licensee of the '425 Patent and the '867 Patent. FAC ¶¶ 14, 16; SUF ¶ 6.

9. The Patents-in-Suit are embodied in a patented product that one or more of the Plaintiffs marketed or sold, as set forth below:
- The product for the '720 Patent is the U2-35S Wheel. SUF ¶ 10.
- The product for the '425 Patent is the Bentchi B15 Wheel. Id. ¶ 14.
- The product for the '867 Patent is the Bentchi B3S Wheel. Id. ¶ 24.

10. The U2-35S wheel was sold as early as September 9, 2008. Id. ¶ 12.

11. The Bentchi B15 wheel was sold as early as January 9, 2009. Id. ¶ 15.

12. Zhao conceived the invention claimed in the '867 Patent in 2009. Id. ¶ 25.

3

1      13. Zhao conceived the invention claimed in the
2  '220 Patent in 2009. <u>Id.</u> ¶ 18.
3      14. A prior wheel design, the U2-55B, was sold as
4  early as January 2007. <u>Id.</u> ¶ 30.
5      15. Zhao did not design the U2-55B wheel. <u>Id.</u> ¶
6  29.
7      16. The Bentchi B3 wheel was sold in the United
8  States as early as 2007. <u>Id.</u> ¶¶ 36, 39.
9      17. Zhao did not design the Bentchi B3 wheel. <u>Id.</u>
10 ¶ 35.

## **CONCLUSIONS OF LAW**

12     1. Under 35 U.S.C. § 102(b), "A person shall be
13 entitled to a patent unless . . . (b) the invention was
14 . . . on sale in this country, more than one year prior
15 to the date of the application for patent in the United
16 States." 35 U.S.C. § 102(b).
17     2. To prevail on an on-sale bar defense, an
18 accused infringer must demonstrate by clear and
19 convincing evidence that "there was a definite sale or
20 offer for sale of the claimed invention prior to the
21 critical date, defined as one year prior to the U.S.
22 filing date to which the application was entitled."
23 <u>Linear Tech. Corp. v. Micrel, Inc.</u>, 275 F.3d 1040, 1047
24 (Fed. Cir. 2001).
25     3. The '720 Patent is invalid because the U2-35S
26 wheel, which embodies the '720 Patent, was sold prior
27 to the critical date.
28     4. The '425 Patent is invalid because the Bentchi

4

B15 wheel, which embodies the '425 Patent, was sold prior to the critical date.

5. An invention may not be patented if it "was known or used by others in this country, or patented or described in a printed publication in this or a foreign country, before the invention thereof by the applicant for patent." 35 U.S.C. § 102(a).

6. A party challenging the validity of a patent under § 102 must establish anticipation by clear and convincing evidence. AstraZeneca LP v. Apotex, Inc., 633 F.3d 1042, 1055 (Fed. Cir. 2010).

7. In determining whether a patent is anticipated, the Court first construes the claimed design, if appropriate, and then compares the claimed design to the prior art. Door-Master Corp. v. Yorktowne, Inc., 256 F.3d 1308, 1312 (Fed. Cir. 2001).

8. When courts compare the claimed design to the prior art, they apply the "ordinary observer" test. See Int'l Seaway Trading Corp. v. Walgreens Corp., 589 F.3d 1233, 1237-40 (Fed. Cir. 2010); Egyptian Goddess, Inc. v. Swisa, Inc., 543 F.3d 665, 678 (Fed. Cir. 2008) (en banc). That is:

> if, in the eye of an ordinary observer, giving such attention as a purchaser usually gives, two designs are substantially the same, if the resemblance is such as to deceive such an observer, inducing him to purchase one supposing it to be the other, the first one patented is infringed by the other.

1  Gorham Co. v. White, 14 Wall. 511, 81 U.S. 511, 528
2  (1871).  In the case of anticipation, the patented
3  design is compared with the alleged anticipatory
4  reference.  Seaway, 589 F.3d at 1238.
5       9.   The '867 Patent is substantially the same as
6  the Bentchi B3 wheel, which was sold prior to the
7  conception of the '867 Patent.  Thus, the '867 Patent
8  is invalid because it was anticipated by prior art.
9       10.  The '220 Patent is substantially the same as
10 the U2-55B wheel, which was sold prior to the
11 conception of the '220 Patent.  Thus, the '220 Patent
12 is invalid because it was anticipated by prior art.
13      11.  A case may be deemed exceptional for the
14 purposes of 35 U.S.C. § 285 when there has been some
15 material inappropriate conduct related to the matter in
16 litigation, such as willful infringement, fraud or
17 inequitable conduct in procuring the patent, misconduct
18 during litigation, vexatious or unjustified litigation,
19 conduct that violates Fed. R. Civ. P. 11, or like
20 infractions.  See, e.g., Cambridge Prods. Ltd. v. Penn
21 Nutrients Inc., 962 F.2d 1048, 1050-51 (Fed. Cir.
22 1992); Beckman Instruments, Inc., v. LKB Produkter AB,
23 892 F.2d 1547, 1551 (Fed. Cir. 1989).
24      12.  Absent misconduct in conduct of the litigation
25 or in securing the patent, however, sanctions may be
26 imposed against the patentee only if both: (1) the
27 litigation is brought in subjective bad faith; and (2)
28 the litigation is objectively baseless.  Prof'l Real

Estate Investors v. Columbia Pictures Indus., 508 U.S. 49, 60-61 (1993); see also Old Reliable Wholesale, Inc. v. Cornell Corp., 635 F.3d 539, 543-44 (Fed. Cir. 2011).

13. The prevailing party must demonstrate that a case is exceptional by clear and convincing evidence. Forest Labs., Inc. v. Abbott Labs., 339 F.3d 1324, 1327-28 (Fed. Cir. 2003).

14. Wholesale Wheel fails to establish by clear and convincing evidence that this case is exceptional. Therefore, it is not entitled to attorneys' fees.

**IT IS SO ORDERED.**

DATED: January __ , 2013.

**HONORABLE RONALD S.W. LEW**
Senior, U.S. District Court Judge

7